DLD-302                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1439
_____

UNITED STATES OF AMERICA

v.

RODNEY BOOMER,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3-06-cr-00059-001)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 10, 2014
Before:  SMITH, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 30, 2014)
_____

OPINION
_____


PER CURIAM

Rodney Boomer, a federal prisoner proceeding pro se, appeals from the District Court's dismissal of his "First Amendment petition." For the following reasons, we will summarily affirm.[1]

Boomer pleaded guilty in the United States District Court for the Middle District of Pennsylvania to drug-related charges and was sentenced to a term of imprisonment. After an unsuccessful direct appeal, Boomer challenged his conviction and sentence in a motion pursuant to 28 U.S.C. § 2255, which was denied on the merits. See Dkt. No. 234. This Court upheld that ruling in C.A. No. 13-2514.

Boomer then filed a document entitled "First Amendment Petition" with the District Court. In it, he contended that his rights pursuant to the Fifth and Sixth Amendments were violated during his trial. He also alleged prosecutorial misconduct. He requested that the District Court grant him relief in the form of, *inter alia*, vacating his conviction and sentence, dismissing the indictment and charges, and releasing him from incarceration. The District Court found that this document was, in effect, a § 2255 motion. Because Boomer's previous § 2255 motion was denied, the District Court dismissed the instant motion as an unauthorized second or successive motion pursuant to 28 U.S.C. § 2255(h). Boomer timely appealed.

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6.

Upon review, we conclude that the District Court correctly denied Boomer's petition for relief. The appropriate avenue for a federal petitioner to challenge the validity of his conviction and sentence is § 2255. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). If a petitioner's previous § 2255 motions were denied, he must first seek authorization to file a second or successive § 2255 motion pursuant to §§ 2244 and 2255(h).

In the instant matter, Boomer sought to challenge the validity of his federal conviction. The District Court correctly determined that the proper vehicle for raising such a claim is a motion pursuant to § 2255. Because his previous § 2255 motion was denied, he was required to first seek authorization to file a second or successive § 2255 motion pursuant to §§ 2244 and 2255(h). Accordingly, we discern no error in the District Court's dismissal of Boomer's petition. There being no substantial question presented on appeal, we will summarily affirm. Boomer's motions for leave to amend his response on appeal are granted, and we have considered his amended arguments in reaching our decision.